PER CURIAM.
We affirm the 1986 final judgment in all respects but one. We reverse the award to the wife of $1,000,000 in cash as an equitable distribution of the parties’ marital assets valued at $5,200,000.
We agree with the wife’s contention that the trial court abused its discretion and erred in making such an unequal and disproportionate division of the marital assets.
Long after the entry of the 1986 final judgment, this court in Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989), stated that:
[i]n this district that admonition in Canakaris [v. Canakaris, 382 So.2d 1197 (Fla.1980)] has evolved into a general rule that asset distribution should be equal unless there is justification for a disparity in treatment ... If the trial court starts with a proposition of an equal division of marital assets and then sets forth a justification for disparate treatment which comports with reason and logic (the Canakaris standard), then the trial court has appropriately exercised its judicial discretion.
Bobb at 336.
Thus, for a trial court to appropriately exercise its judicial discretion, it must set forth a justification for disparate treatment which comports with reason and logic.
*895 In the instant case, the trial court is silent as to a justification for the disparate treatment. As Judge Letts stated in Carr v. Carr, 15 F.L.W. 1117 (Fla. 4th DCA April 25, 1990), citing to Bobb and Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988), “For better or for worse, for richer or for poorer, the Fourth District Court of Appeal has held, on at least two occasions, that: ‘[i]n this district ... asset distribution should be equal unless there is justification for a disparity of treatment.’ ”
Accordingly, we conclude that the wife received a disproportionately small share of the marital assets without justification under the facts of the case. Therefore, the trial court’s final judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, POLEN and GARRETT, JJ., concur.